IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KAREN L. PARTAIN, | |
| Plaintiff | |
| VS. | NO. 5:04-CV-391 (WDO) |
| JOANNE B. BARNHART, S.S. Commissioner, | |
| Defendant | SOCIAL SECURITY APPEAL |

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. On August 9, 2001, plaintiff filed an application for Disability Insurance Benefits and Period of Disability. She alleged disability commencing on May 11, 2001, due to Hepatitis B and C, cirrhosis of the liver, alcohol abuse, bi-polar disorder, seizure disorder, intestinal disorder, and anxiety. The application was denied initially and after further review. This civil action was commenced after the recommendation to deny benefits was adopted as the Commissioner's final decision in this case.

### LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds or reversal. *Id*.

# DISCUSSION

In this appeal, the plaintiff contends that substantial evidence does not support the Commissioner's decision because the Administrative Law Judge (ALJ) erred in discounting the opinion of the treating physician and improperly found her subjective complaints of pain to not be credible.

### 1. Review of Medical Evidence

After careful review, the Court accepts the Commissioner's evaluation of the evidence as set out in the decision of the ALJ. Among other evidence, the ALJ noted that plaintiff suffers from Hepatitis B and C, liver cirrhosis, and the mental impairments of long-term alcoholism and drug abuse. R. 21-24.

### 2. Treating Physician's Opinion

The plaintiff contends that the Commissioner improperly discounted the opinion of her treating physicians Drs. Crowley and Rimando. Specifically, the plaintiff alleges that the ALJ erred in assessing the opinions from these physicians

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Oldham, supra*, at 1084. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991). *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

The ALJ noted that both of these doctors stated that plaintiff was disabled. However, the ALJ properly found that there were contradictions and inconsistencies with Drs. Crowley's and Rimando's opinions and the medical records. R. 22.

In his opinion, the ALJ noted that Dr. Crowley stated on an insurance form that plaintiff was disabled as of May 11, 2001. However, she did not begin treating plaintiff until February 2003. Because Dr. Crowley did not begin treating plaintiff until 2003, her assessment that plaintiff was disabled as of May 2001 is entitled to little weight. Additionally, on a March ,2004 insurance form, Dr. Crowley stated that plaintiff was disabled as of January 2003- a completely different date than the one stated on the earlier insurance form. *Id*. Dr. Rimando also opined that plaintiff was disabled on at least two insurance forms. Like Dr. Crowley, Dr. Rimando gave different dates for the onset of disability on each form. *Id*. Moreover, as noted by the ALJ, neither of these Drs. stated that they considered the impact of plaintiff's continuing alcohol and drug abuse or her non-compliance with her medication. *Id*.

In her brief, the plaintiff argues that these physicians found plaintiff to be disabled due to a seizure disorder and that the ALJ improperly assessed said disorder. The plaintiff is mistaken. The ALJ did find that plaintiff suffered from a seizure disorder. However, he specifically found that it was related to her drug and alcohol withdrawal symptoms. *Id*.

Plaintiff also argues that the ALJ did not consider the effects of her Hepatitis on her ability to work. This argument has no merit as the ALJ specifically found the plaintiff's Hepatitis to be only mild to moderately severe. *Id*. at 21-22. The ALJ also specifically noted that she was not a candidate for a liver transplant. *Id*.

Finally, the plaintiff argues that ALJ should have solicited testimony from Drs. Crowley and Rimando regarding their disability opinions. However, the ALJ is only required to solicit medical testimony when the record is inadequate. *See* 20 C.F.R. §404.1512(e). In the present case, the record was not inadequate. Moreover, the determination of disability is a decision reserved for the Commission and not the treating physicians.[2]

In the undersigned's view, the Commissioner properly evaluated the evidence from plaintiff's treating physicians.

---

[2] Plaintiff also argues that the ALJ should have informed her counsel that he needed clarification as to the opinions of Drs. Crowley and Rimando. The regulations do not require such action nor has the plaintiff cited any authority for such. Accordingly, the undersigned finds this argument to be without merit.

### 3. Pain

The plaintiff contends that the Commissioner made an improper credibility finding. Specifically, the plaintiff alleges that the ALJ erred in discounting her subjective complaints of pain and drew impermissible inferences from her daily activities.

It is settled that it is not enough for a claimant to provide subjective accounts of disabling limitations. These subjective accounts must be supported by evidence of an underlying medical condition along with either objective medical evidence confirming the severity of the alleged limitation arising from that condition or medical evidence that the objectively determined medical condition is of a severity that could reasonably be expected to give rise to the alleged limitation. *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991); 20 C.F.R. Sections 404.1508 and 404.1529. Furthermore, the ALJ can reject such testimony if he articulates explicit and adequate reasons for doing so. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

In assessing plaintiff's credibility concerning her pain, the ALJ correctly determined that plaintiff's subjective complaints were not as limiting as she claimed. In making this determination, the ALJ considered the objective medical evidence and all other evidence. *Id*. at 23.

In his decision, the ALJ noted that plaintiff suffers from episodic pain. However, he did not find this pain to be disabling. In support of this assessment, the ALJ noted that the observations, information, and assessments by her physicians did not support allegations of disabling pain of the nature, persistence, and intensity as alleged by plaintiff. Additionally, the ALJ pointed out that the medical evidence failed to establish that her pain had a significant impact on her functional abilities. Further, the ALJ found plaintiff's lack of candor regarding her subjective complaints to undermine her credibility. *Id*. The ALJ noted that although plaintiff stated that she could not work, she continued to take college classes, exercise, and do yard work. *Id*. at 26.

In the undersigned's view, the Commissioner did not err in finding the plaintiff's subjective complaints not fully credible.

Accordingly, IT IS RECOMMENDED that the Commissioner's decision be **AFFIRMED.**[3] Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 2nd day of AUGUST, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3]Additionally, plaintiff argues that the ALJ erred by not discussing or assigning any weight to the testimony of her sister.  While the ALJ did not specifically cite to the testimony of plaintiff's sister, it is clear from the record that such testimony was implicitly rejected.  Therefore, the ALJ's failure to make specific finding as to this testimony is harmless error.